Brian Willen*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
31 West 52nd Street, Fifth Floor
New York, New York 10019
Telephone: (212) 999-5800
bwillen@wsgr.com

Lauren Gallo White*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2158
lwhite@wsgr.com

Deno Himonas (5483)
Elizabeth Sharkey (18655)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 South State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510
dhimonas@wsgr.com
esharkey@wsgr.com

Edward Percarpio*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C. 20006
Telephone: (202) 973-8800
epercarpio@wsgr.com

*(motions for admission
pro hac vice forthcoming)

*Attorneys for Plaintiff Computer & Communications Industry Association*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION, <br><br> Plaintiff, <br><br> vs. <br><br> DEREK BROWN, in his official capacity as Attorney General of Utah; KATHERINE HASS, in her official capacity as the Director of the Division of Consumer Protection of the Utah Department of Commerce, <br><br> Defendants. | **PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE OVERLENGTH MOTION FOR PRELIMINARY INJUNCTION** <br><br> Case No. 2:26-cv-00094-DAO <br><br> Magistrate Judge Daphne A. Oberg |

Pursuant to DUCivR7-1(a)(7), Plaintiff Computer & Communications Industry Association ("CCIA") respectfully requests that the Court grant Plaintiff leave to a file a motion for preliminary injunction that is no longer than 44 pages (excluding the caption, tables of contents and authorities, signature blocks, certificate of service, and exhibits), which exceeds the 25-page limit set by DUCiv7-1(a)(4)(C)(i). Counsel for Defendants does not oppose this request.

Good cause exists to grant the motion and allow Plaintiff an extra 19 pages of briefing. Plaintiff seeks an order that would preliminarily enjoin Defendants from enforcing Utah's App Store Accountability Act, Utah Code §§ 13-76-101 to -404 ("the Act"). The Act is a recently enacted law that requires app stores to verify a user's age when creating an account and requires minors to tether their account to a parent's account and to obtain verifiable parental consent to download each app or make any in-app purchase.

The Act, which is scheduled to take effect on May 6, 2026, in relevant part, violates the First and Fourteenth Amendments of the U.S. Constitution in several ways, because it (1) is a content-based law that heavily burdens the ability to access and disseminate protected speech, operates as a prior restraint on speech, and is not narrowly tailored to serve a compelling state interest and (2) is void for vagueness. S.B. 142 also includes vague requirements that could be interpreted to compel app developers to issue an Act-compliant age rating for every app and for app stores to display those ratings, and app stores to disclose those age ratings, in violation of the First and Fourteenth Amendments. The Act also violates the Commerce Clause of the U.S. Constitution because it imposes unreasonable and undue burdens on interstate commerce that is clearly excessive in relation to any local benefit conferred on the State of Texas.

If allowed to go into effect, the Act will immediately impose significant burdens on app stores', app developers', and their users' access to and participation in protected speech. CCIA and its members will be irreparably harmed. To provide this Court with full briefing on the Act's effects and legal shortcomings—which are of constitutional magnitude—Plaintiff respectfully requests more than the 25 pages provided for by the Local Rules.

Plaintiff has made efforts to avoid burdening this Court or Defendants with a voluminous motion. Nevertheless, Plaintiff needs more than 25 pages to present the multiple, independent reasons why the requirements imposed by the Act violate the First Amendment and to explain the devastating consequences should the Act take effect. Granting CCIA's motion will aid the Court's understanding of the issues and will not prejudice Defendants.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's unopposed motion for leave to file an overlength motion for preliminary injunction of no more than 44 pages in length.


Dated: February 5, 2026                    Respectfully submitted,

                                           */s/ Deno Himonas*
                                           Deno Himonas (5483)
                                           Brian Willen (*pro hac vice*)
                                           Lauren Gallo White (*pro hac vice*)
                                           Elizabeth Sharkey (18655)
                                           Edward Percarpio (*pro hac vice*)
                                           WILSON SONSINI GOODRICH & ROSATI
                                           Professional Corporation

                                           *Attorneys for Plaintiff Computer &*
                                           *Communications Industry Association*

2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this February 5, 2026, I caused a true and correct copy of the foregoing document to be electronically filed in the CM/ECF system, which will effectuate service on all counsel of record deemed to have consented to electronic service.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing document by email on this day.

*/s/ Jessica M. Johnsen*
Executive Assistant
